O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD GILLASPY,<br><br>                Plaintiff,<br>   v.<br>COUNTY OF LOS ANGELES et al.,<br><br>                Defendants. | Case No. 2:12-cv-8812-DSF(PJWx)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO RECUSE JUDGE DALE S. FISCHER [26]** |

Plaintiff Richard Gillaspy's Motion to Recuse Judge Dale S. Fischer is before the Court. (ECF No. 26.) Having considered Plaintiff's arguments, the Court deems the matter suitable for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

The standard for disqualification of a judge is established by 28 U.S.C. §§ 144 and 455. Section 144 permits a party seeking disqualification to file an affidavit setting forth facts and reasons for his belief that the judge "has a personal bias or prejudice either against him or in favor of any adverse party." 28 U.S.C. § 144. When determining the legal sufficiency of the affidavit, "the factual allegations in the affidavit must be accepted as true," although "general or conclusory allegations will not support disqualification." *United States v. Zagari*, 419 F. Supp. 494, 500–01 (N.D. Cal. 1976). Further, the alleged bias must be from an extrajudicial source and "result in an opinion on the merits on some basis other than what the judge learned

from his participation in the case." *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966).

Under 28 U.S.C. § 455, a judge must disqualify himself in any proceeding in which his impartiality might reasonably be questioned. 28 U.S.C. § 455(a). But the substantive standard for recusal under 28 U.S.C. § 144 and 28 U.S.C. § 455 is the same—"Whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Hernandez*, 109 F.3d 1450, 1453–54 (9th Cir. 1997).

In this case, Plaintiff alleges a laundry-list of violations. Some of these are based on Judge Fischer's previous position as a superior court judge for the County of Los Angeles. Others are based on her rulings in this case. The Court finds that none these allegations suffice to disqualify Judge Fischer from this case.

Plaintiff first alleges that as a superior court judge, Judge Fischer committed crimes by accepting illegal bonus payments ("bribes") from Los Angeles County. Though these allegations must be accepted as true, these allegations provide no reasonable basis to conclude that Judge Fischer would be biased towards Defendant Los Angeles County and the other related Defendants. Plaintiff does not suggest that she was bribed (in 1997–2003) to take the side of Los Angeles County in this case. At best, Plaintiff's statements can be construed to mean that Judge Fischer is biased in favor of Los Angeles County because it has previously given her these illegal bonus payments. Even so, the causation here is extremely weak; this leads the Court to conclude that her impartiality is not suspect under these facts.

Next, Plaintiff generally accuses Judge Fischer of "dishonesty, deceit, and collusion," and that she is guilty of "obstruction of justice, conspiracy, fraud . . . moral turpitude, dishonesty, and corruption." (Mot. at iii–v.) Other than her extrajudicial relationship with Los Angeles County discussed above, Plaintiff cites no other extrajudicial sources of bias. Instead, Plaintiff bases these general accusations on Judge Fischer's criticism and adverse rulings.

As for Judge Fischer's criticism of Plaintiff, criticism is not evidence of bias. Upon review of the case docket, the Court finds that Plaintiff exhibited frivolous and vexatious behavior in the lawsuit—thus, such criticism was likely warranted. Although Plaintiff is a pro se litigant, the Court notes that he failed to follow proper procedure on numerous occasions. And while Plaintiff appears to be a prolific writer, his legal acumen is lacking and misguided. The Court must give pro se litigants the benefit of the doubt in terms of procedure, but Plaintiff still must competently present his legal claims. Failure to do so—or to do so frivolously and vexatiously—invites the criticism of the court.

And finally, as for Judge Fischer's various rulings, it is clear that Plaintiff is dissatisfied with them. But judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. *Liteky v. United States*, 510 U.S. 540, 555 (1994). Rulings by themselves cannot show reliance upon an extrajudicial source, and opinions formed by the judge based on the evidence of the case "do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.*

The remedy for Plaintiff's dissatisfaction is to appeal; a disqualification motion serves no purpose unless personal bias is established. *Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir. 1984) ("A judge's previous adverse ruling alone is not sufficient bias."). This Court finds no partiality in Judge Fischer's rulings because they are based on the utter lack of merit in Plaintiff's legal arguments and procedural errors.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

In sum, the Court finds that Plaintiff's motion fails to state sufficient facts and reasons to disqualify Judge Fischer under 28 U.S.C. § 144 or § 455. Plaintiff's assertions do not show any personal bias stemming from an extrajudicial source. Accordingly, Plaintiff's motion is **DENIED**.

**IT IS SO ORDERED.**

January 10, 2012

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**