# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF DOCUMENT DISCREPANCIES

*CLERK, U.S. DISTRICT COURT*
*JAN 18 2013*
*CENTRAL DISTRICT OF CALIFORNIA*
*BY ___ DEPUTY*

To: ☒ U.S. District Judge / ☐ U.S. Magistrate Judge  Dale S. Fischer

From: L. Rayford , Deputy Clerk    Date Received: 1/15/2013

Case No.: 2:12-cv-08812-DSF-PJW    Case Title: Richard Gillaspy v. County of Los Angeles et al

Document Entitled: MOTION TO STRIKE ALL DOCUMENTS SERVED ON PLAINTIFF ; MOTION TO STRIKE ALL DOCUMENTS SERVED ON PLAINTIF BY THE COURT

Upon the submission of the attached document(s), it was noted that the following discrepancies exist:

| | | |
|---|---|---|
| ☐ | Local Rule 5-4.1 | Documents must be filed electronically |
| ☐ | Local Rule 6-1 | Written notice of motion lacking or timeliness of notice incorrect |
| ☐ | Local Rule 7-19.1 | Notice to other parties of ex parte application lacking |
| ☐ | Local Rule 7.1-1 | No Certification of Interested Parties and/or no copies |
| ☐ | Local Rule 11-3.1 | Document not legible |
| ☐ | Local Rule 11-3.8 | Lacking name, address, phone, facsimile numbers, and e-mail address |
| ☐ | Local Rule 11-4.1 | No copy provided for judge |
| ☐ | Local Rule 11-6 | Memorandum/brief exceeds 25 pages |
| ☐ | Local Rule 11-8 | Memorandum/brief exceeding 10 pages shall contain table of contents |
| ☐ | Local Rule 15-1 | Proposed amended pleading not under separate cover |
| ☐ | Local Rule 16-7 | Pretrial conference order not signed by all counsel |
| ☐ | Local Rule 19-1 | Complaint/Petition includes more than 10 Does or fictitiously named parties |
| ☐ | Local Rule 56-1 | Statement of uncontroverted facts and/or proposed judgment lacking |
| ☐ | Local Rule 56-2 | Statement of genuine disputes of material fact lacking |
| ☐ | Local Rule 83-2.11 | No letters to the judge |
| ☐ | Fed. R. Civ. P. 5 | No proof of service attached to document(s) |
| ☒ | Other: | case is closed |

Please refer to the Court's website at www.cacd.uscourts.gov for Local Rules, General Orders, and applicable forms.

## ORDER OF THE JUDGE/MAGISTRATE JUDGE

IT IS HEREBY ORDERED:

☐ The document is to be filed and processed. The filing date is ORDERED to be the date the document was stamped "received but not filed" with the Clerk. Counsel* is advised that any further failure to comply with the Local Rules may lead to penalties pursuant to Local Rule 83-7.

_____    _____
Date                        U.S. District Judge / U.S. Magistrate Judge

☒ The document is **NOT** to be filed, but instead **REJECTED**, and is ORDERED returned to counsel.* Counsel* shall immediately notify, in writing, all parties previously served with the attached documents that said documents have **not** been filed with the Court.

1/16/13                     /s/
Date                        U.S. District Judge / U.S. Magistrate Judge

* The term "counsel" as used herein also includes any pro se party. See Local Rule 1-3.

COPY 1 -ORIGINAL-OFFICE    COPY 2 -JUDGE    COPY 3 -SIGNED & RETURNED TO FILER    COPY 4 -FILER RECEIPT

RICHARD GILLASPY
3501 Brayton Ave.
Long Beach, CA 90807
562.595.6831
Plaintiff pro se



RECEIVED BUT NOT FILED
CLERK, U.S. DISTRICT COURT

JAN 15 2013

CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD GILLASPY, <br><br> PLAINTIFF, <br><br> vs. <br><br> COUNTY OF LOS ANGELES, LOS ANGELES COUNTY CIVIL SERVICE COMMISSION, LOS ANGELES COUNTY BOARD OF SUPERVISORS, MICHAEL E. ANTONOVICH, DON KNABE, GLORIA MOLINA, MARK RIDLEY-THOMAS, ZEV YAROSLAVSKY, LOS ANGELES COUNTY COUNSEL, JOHN KRATTLI, LESTER TOLNAI, ERIC YOUNG, LOS ANGELES COUNTY AUDITOR CONTROLLER, WENDY L. WATANABE, J. TYLER MCCAULEY, ANN MARINOVICH, ROXANNE BENEVIDES-ORTEGA, DALE S. FISCHER, LAQUER URBAN CLIFFORD & HODGE LLP, ROBERT SCOT CLIFFORD, JODI ANNE LUMSDAINE, DENISE CARTER, MARIJA KRISTICH DECKER, J. PAUL MOORHEAD, MICHAEL JUNG; and DOES 1 - 10, inclusive, <br><br> DEFENDENTS. | CASE NO. <br> 2:12-CV-8812-DSF-PJW <br><br> MOTION TO STRIKE ALL DOCUMENTS SERVED ON PLAINTIFF BY DEFENDANTS AND THEIR ATTORNEYS <br><br> PURSUANT TO: FEDERAL RULE OF CIVIL PROCEDURE 11; THE UNIFORM ELECTRONIC TRANSACTION ACT; THE DIGITAL SIGNATURE AND ELECTRONIC AUTHENTICATION LAW <br><br> HEARING DATE: FEBRUARY 11, 2013 |

///

Motion to Strike Defendant's Documents

Pursuant to F.R.C.P. 11, the Uniform Electronic Transaction Act (UETA), and the Digital Signature and Electronic Authentication Law (SEAL), Plaintiff files this Motion to Strike all Court orders and documents served by Defendants and their Attorneys on Plaintiff from March 2010 to current date because they are in violation of these rules and laws. The Defendants/Attorneys have been transacting their business with the Court electronically. Plaintiff has not conducted business with the Court or Defendants electronically. Pursuant to the above laws the parties must have agreements to conduct business electronically. Plaintiff has never made any agreement with the Defendants or their Attorneys to conduct business electronically.

- The Defendants and their Attorneys have violated F.R.C.P. Rule 11 because they failed to sign any documents served on Plaintiff.
- The Defendants and their Attorneys have violated the Uniform Electronic Transaction Act, and the Digital Signature and Electronic Authentication Law in their transactions with Plaintiff.
- Plaintiff has made no agreement with Defendants or their Attorneys to conduct transactions electronically with them.
- The UETA requires that all parties to a transaction have an agreement in order to use electronic transmissions, electronic signatures, and electronic documents. Without an agreement, parties must use a paper process. In an electronic system, the system validates and authenticates originators of documents and any party to a transaction who is not using the electronic system cannot validate or authenticate the documents or transactions filed therein. For transactions to be valid and legal in a paper based system, an original signature must be affixed to each document.
- F.R.C.P 11(a) requires that "every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented." "The court must strike an

unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention.

- The Defendants and their Attorneys cannot prove the authentication of any electronic document or transaction printed and mailed to Plaintiff since he is not a party to the electronic system.
- Plaintiff has no way of authenticating or verifying documents received from the Defendants or their Attorneys that do not have an original signature.
- In a paper system, documents which are not authenticated are not legally binding.

## BACKGROUND

On January 7, 2013, upon inquiry, a clerk at the Pro Se litigant's filing window stated that clerks are trained to only sign Court copies of documents and to not sign a litigant's copy of the documents. She stated that if a clerk signs a copy for a litigant then they are breaking the rules. It was pointed out to the Clerk that it was breaking the Rules to not sign a document since it is then not authenticated to a person opting out of the electronic system. This led to Plaintiff's research on the Government Paperwork Elimination Act, the Uniform Electronic Transaction Act and the Digital Signature and Electronic Authentication Law and ultimately to F.R.C.P. 11.

## FEDERAL RULE OF CIVIL PROCEDURE 11

"(a) Signature.

Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented. The paper must state the signer's address, e-mail address, and telephone number. Unless a rule or statute specifically states otherwise, a pleading need not be verified or accompanied by an affidavit. The court must strike an

unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention."

Since the Court must strike all documents not signed by the Defendant's Attorney, then all documents submitted by the Defendant's Attorney must be stricken since none of them have a signature affixed therein. However, Plaintiff has placed an original signature on every document he submitted to the Court and every copy Plaintiff submitted to (had served on) the Defendant's Attorneys. There can be no doubt of the authenticity of Plaintiff's pleadings, motions, responses, or other documents.

## AUTHENTICATION

Section 6 of the Digital Signature and Electronic Authentication Law (SEAL) states that the electronic authentication may be used ***if an agreement to use them was made by all parties.***

Defendants and their lawyers have been relying upon electronic authentication (e-authentication) when documents are filed with the Court. This is problematic for transactions (document filings) when a litigant has opted out of the electronic filing system.

Pursuant to Sec. 3(g) of the SEAL, "electronic authentication" means a cryptographic or other secure electronic technique that allows the user of the technique -- (1) to authenticate the identity of or information associated with a sender of a document; (2) to determine that a document was not altered, changed, or modified during its transmission to a recipient; or (3) to verify that a document received was sent by the identified party claiming to be the sender. In online environments, the username identifies the user, while the password (or biometric, Clickwrap, Public Key Infrastructure, or Security Token) authenticates that the user is who he claims to be. E-authentication services enable you to get access to government services online using log-in IDs (identity credentials) you already have from a credential issuer that you and the government trust. This makes it necessary to login to the credential issuer's site to obtain the authentication

credentials. Those credentials or e-authentication ID are then transferred to the website causing the authentication. Because legal documents must be signed to be legally binding, electronic signatures (e-signatures) were developed to use in electronic systems. An e-signature validates and authenticates an electronic document. An e-signature must be unique to the signer and the context in which it is used; it can be used to objectively identify the individual signor; it must be created by the identified person in a manner that is reliable; and the signature must be linked to the document in such a way that if it is intentionally or unintentionally modified, the signature is invalid.

The Uniform Electronic Transactions Act (UETA) brought into line the differing State laws over such areas as retention of paper records, and the validity of electronic signatures, thereby supporting the validity of electronic contracts as a viable medium of agreements. Section 2 of the UETA defines an electronic record as a record created, generated, sent, communicated, received, or stored by electronic means. It defines an electronic signature as an electronic sound, symbol, or process attached to or logically associated with a record and executed or adopted by a person with the intent to sign the record. Section 3 of the UETA describes the Scope of this Act to be inherently limited by the fact that it only applies to transactions related to business, commercial, and governmental matters. Section 4 of the UETA states that it applies to any electronic record or electronic signature created, generated, sent, communicated, received, or stored". Section 5 of the UETA states that transactions are not required to be in electronic form and that this Act applies only to transactions between parties ***each of which has agreed*** to conduct transactions by electronic means. Section 7 of the UETA gives legal recognition to electronic signatures, records, and contracts (when all parties to the transaction have agreed to transact business by electronic means). Section 8 of the UETA provides that the information be available to all parties. Section 9 of the UETA states that an electronic record or electronic signature is attributable to a person if it was the act of the person and the act of the person may be shown in any manner, including a showing of the

efficacy of any security procedure applied to determine the person to which the electronic record or electronic signature was attributable. Nothing in this Act requires anyone to use electronic transactions or to rely upon electronic records and signatures. Nothing in this Act prohibits paper records and manual signatures. Basic rules of law, like the general and statutory law of contracts, continue to apply as they have always applied.

The Government Paperwork Elimination Act (GPEA) was enacted in 2000 and required that **when practicable**, Federal agencies use electronic forms, electronic filing, and electronic signatures to conduct official business with the public by 2003. The Act requires agencies to **allow** individuals or entities that deal with the agencies the **option** to submit information or transact with the agency electronically, when practicable, and to maintain records electronically when practicable. The Act specifically states that electronic records and their related electronic signatures are not to be denied legal effect, validity, or enforceability merely because they are in electronic form, and encourages Federal government use of a range of electronic signature alternatives. The Act seeks to preclude agencies or courts from systematically discriminating against electronic documents and electronic signatures and to require Federal agencies and courts to provide individuals and entities the **option** to submit information or transact with the agency or court electronically and to maintain records electronically, when practicable.

If the electronically signed record need to be preserved, whether for a finite period of time or permanently, then the agency needs to ensure the trustworthiness of electronically signed records. Electronically signed records documenting legal rights and electronically signed records that must be retained permanently have special considerations. Characteristics of trustworthiness include reliability, authenticity, integrity, and usability. A reliable record is one whose content can be trusted as a full and accurate representation of the transactions, activities, or facts to which it attests and can b3e depended upon in the course of subsequent transactions or activities. An authentic record is one that is proven to be what it purports to be and to have been created or sent by the

person who purports to have created and sent it. To demonstrate the authenticity of records, agencies should implement and document policies and procedures which control the creation, transmission, receipt, and maintenance of records to ensure that records creators are authorized and identified and that records are protected against unauthorized addition, deletion, and alteration. The integrity of a record refers to it being complete and unaltered. A usable record is one which can be located, retrieved, presented, and interpreted. There are various approaches an agency may take to ensure the trustworthiness of electronically signed records over time. Regardless of the approach used, an agency must implement some form of technical non-repudiation services to protect the reliability, authenticity, integrity, and usability, as well as the confidentiality, and legitimate use of electronically signed information. Non-repudiation services provide irrefutable evidence that an action took place. The services protect one party to a transaction against the denial of the other party that a particular event or action took place. The services also provide safeguards that protect all parties from a false claim that a record was tampered with or not sent or received. The National Archives and Records Administration (NARA) requires that for permanent records, agencies must ensure that the printed name of the electronic signer, as well as the date when the signature was executed, be included as part of any human readable form (such as an electronic display or printout) of the electronic record. NARA requires this so that the name of the signer will be preserved as part of the record.

    Section 6 of the GPEA states that "users" should be able to **opt out to a paper process**.

## CONCLUSION

    There exists no agreement between Plaintiff and the Defendants and their Attorneys to conduct transactions electronically. The law requires there to be an agreement to conduct transactions electronically. The law requires that there be a paper process which

1  parties can opt to use. Electronically generated documents which are printed out and have
2  no original signature are not legally binding. None of the documents Plaintiff has received
3  from the Defendants and their Attorneys have original signatures. None of the documents
4  Plaintiff has received from the Defendants can be said to be trustworthy since Plaintiff is
5  not a user in the Court's electronic system and therefore cannot trust the reliability,
6  authenticity, and integrity of the documents which were electronically generated and
7  printed out to mail to him. None of those documents are legally binding because their
8  provenance is questionable and they do not conform to the requirements of the law.
9  Therefore, all those documents must be stricken from the records.

DATED: 14 JAN 2013

Respectfully submitted:

_____
Richard Gillaspy
Plaintiff Pro Se

RICHARD GILLASPY
3501 Brayton Avenue
Long Beach, CA 90807
562.595.6831
Plaintiff pro se

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| RICHARD GILLASPY | CASE NUMBER: |
| Plaintiff | 2:12-CV-8812-DSF-PJWx |
| v. | |
| County of Los Angeles, et. al. Defendants | PROOF OF SERVICE |

1. At the time of service I was at least 18 years of age and not a party to this action and **I served** copies of the **Plaintiff's Motion to Strike Documents Served on Plaintiff By Defendants**

2. **Person served (Defendant):** Andrew Cooledge
   **Other (name and relationship):** Attorney for all Defendants
   **Address:** 225 South Lake Avenue, Suite 200, Pasadena, CA 91101-3030

3. **Manner of service** in compliance with the California Code of Civil Procedure

4. **I served** the person named in item 2:

5. Service By:
   ☐ Personal Service – personally delivering it to the person named in item 2.
   ☐ **Substituted service:**
   ☐ mailing a copy to the address listed in Item 2 by first-class mail, postage prepaid, on 12/10/2012.
   ■ **Delivering** a copy to a person apparently in charge of the office of place of business, at least 18 years of age, who was informed of the general nature of the papers on 1/15/2013.

6. Service upon the **United States, and Its Agencies, Corporations or Officers.**
   ☐ By mailing a copy by certified mail with return receipt to the U.S. Attorney at the address in item 2.
   ☐ By mailing a copy by certified mail with return receipt to the Civil Process Clerk at the U.S. Attorney's office at the address in item 2.
   ☐ By mailing a copy by certified mail with return receipt to the Attorney of the United States at Washington, D.C.

7. Person serving:
   Kaitlyn Gillaspy
   9032 Randall Avenue
   La Habra, CA 90631
   562.665.8326

8. I am not a registered California Process Server.

Date: 1/15/2013

_Kaitlyn M Gillaspy_
Signature